UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Constance Romaine Lewis, individually
and on behalf of classes of similarly situated
individuals,

         Plaintiff,

                Civ. No. 10-2582 (RHK/JJK)
                **ORDER**

v.

Phoenix American Administrators, Inc.,
Phoenix American Insurance Group, Inc.,
Wynn's Extended Care, Inc., Fireside Bank,
and Bloomington Lincoln Mercury,

         Defendants.

---

   This matter is before the Court *sua sponte*. Plaintiff Constance Romaine Lewis commenced this action in May 2010 in Hennepin County District Court asserting claims for (1) breach of contract; (2) conversion; (3) violation of the Minnesota Deceptive Trade Practices Act; (4) violation of the Minnesota Consumer Fraud Act; (5) violation of the Minnesota Vehicle Retail Installment Contract Act, and (6) violation of 12 C.F.R. §§ 37.3–37.8, federal regulations regarding debt-cancellation contracts. On June 23, 2010, Defendants[1] removed the action to this Court.

   Following removal, Defendant Fireside Bank ("Fireside") asserted a crossclaim against Defendant Bloomington Lincoln Mercury ("BLM"). Fireside has now moved for

---

[1] Defendant Bloomington Lincoln Mercury had only recently been served with Lewis's Complaint and had not yet retained counsel at the time the Notice of Removal was filed. Thus, the Notice of Removal was filed jointly on behalf of all other Defendants, and Bloomington Lincoln Mercury subsequently assented to Removal on July 7, 2010. (See Doc. No. 7.)

summary judgment on its crossclaim, and a hearing on its summary-judgment Motion is currently scheduled for December 21, 2010.

Before considering that Motion, however, the Court finds it necessary to raise a jurisdictional concern. Although neither party has questioned the existence of jurisdiction, the Court is obliged to police its own jurisdiction and determine whether it may properly hear this case. E.g., FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Donaghy v. City of Omaha, 933 F.2d 1448, 1455 (8th Cir. 1991). As the parties invoking the Court's jurisdiction (through removal), Defendants bear the burden of establishing its existence here. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005).

In their Notice of Removal, Defendants purport to invoke this Court's subject-matter jurisdiction only under 28 U.S.C. § 1331, asserting that the action includes a claim arising under federal law. (See Notice of Removal (Doc. No. 1) ¶ 7.) They made no attempt to invoke jurisdiction based on diversity under 28 U.S.C. §1332.[2] Federal-question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether federal-question jurisdiction exists, the Court applies the "well-pleaded complaint" rule, which provides that "jurisdiction pursuant to section 1331 exists only when a federal question is

---

[2] Diversity jurisdiction requires complete diversity between each plaintiff and each defendant. E.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). Such diversity is lacking here, as Lewis is a Minnesota citizen (see Compl. ¶ 1) and Defendant BLM is a Minnesota corporation (id. ¶ 6). It is worth noting, however, that this action is a putative class action, and the Class Action Fairness Act ("CAFA") requires only minimal diversity (between one plaintiff and one defendant) rather than complete diversity. See 28 U.S.C. § 1332(d)(6). Yet despite this less stringent diversity requirement, Defendants have made no attempt to plead a sufficient amount in controversy to invoke the Court's diversity jurisdiction under CAFA.

presented on the face of the plaintiffs' properly pleaded complaint." QwestDex, Inc. v. Hearthside Rest., Inc., 376 F. Supp. 2d 931, 933 (D. Minn. 2005) (Doty, J.) (citing Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998)). "A district court's federal-question jurisdiction . . . extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (internal quotations omitted).

The only federal claim pleaded in Lewis's Complaint appears in Count VI, which alleges that Defendants violated 12 C.F.R. §§ 37.3–37.8. (Notice of Removal ¶ 10.) These regulations were promulgated by the Office of Comptroller of Currency (OCC) and apply to national banks. Defendants claim that Count VI gives rise to federal jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction exists over the remaining state-law claims under 28 U.S.C. § 1367 since they arise from the same facts as the federal claim. (Id. ¶¶ 11–12.) Thus, whether jurisdiction exists turns entirely on the claim in Count VI (or some alternative jurisdictional basis Defendants have thus far failed to plead).

The Court harbors some doubt whether the claimed federal-regulation violations give rise to jurisdiction. Generally speaking, "federal regulations may be enforced by private parties by suits against the agencies (under the Administrative Procedure Act) and by suits against private parties under the federal-question jurisdiction *to the extent that a statute or regulation creates a private right of action*." Kendall-Jackson Winery, Ltd. v.

3

Branson, 212 F.3d 995, 998 (7th Cir. 2000) (emphasis added). "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." Alexander v. Sandoval, 532 U.S. 275, 291 (2001) (citation omitted). Moreover, where a federal regulation merely sets forth requirements or procedures governing regulated entities, it does not create a private right of action and no federal-question jurisdiction exists. See, e.g., Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., No. 09-3855, 2010 WL 2836597, at *2 (3d Cir. July 20, 2010) ("Schneller's claims under 42 C.F.R. [§ 483] do not provide a basis for jurisdiction pursuant to §1331 because they merely set forth the requirements a facility must meet in order to qualify to participate in Medicare and Medicaid; they do not confer a private cause of action."); Tiong v. Midway Hosp. Med. Ctr., No. 95-55074, 1996 WL 327102, at *1 (9th Cir. June 13, 1996) ("Because 21 C.F.R. § 606.170 deals only with procedures a health facility must follow in certain situations and does not create a private right of action, no federal question jurisdiction exists.").

To date, none of the parties has addressed the issue of subject-matter jurisdiction, and the Court's initial review of the federal regulations in question and their enabling statutes does not clearly establish whether a private cause of action exists. Before issuing a final decision on jurisdiction, however, the Court will afford the parties an opportunity to address whether federal subject-matter jurisdiction is (or is not) appropriate over this matter.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that: (1) Defendants shall serve and file a joint memorandum addressing the

jurisdictional concerns laid out above, not to exceed 12 pages, on or before December 30, 2010; (2) Lewis shall serve and file a responsive memorandum, not to exceed 12 pages, on or before January 13, 2011; and (3) in light of this Order, the hearing on Defendant Fireside's Motion for Summary Judgment on its crossclaim (Doc. No. 29), currently scheduled for December 21, 2010, is **CANCELED** and will be rescheduled, if necessary, at a later time.


Dated: December 15, 2010                    s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge