# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Constance Romaine Lewis, individually
and on behalf of classes of similarly situated
individuals,

         Plaintiff,

                Civ. No. 10-2582 (RHK/JJK)
                **ORDER**
v.

Phoenix American Administrators, Inc.,
Phoenix American Insurance Group, Inc.,
Wynn's Extended Care, Inc., Fireside Bank,
and Bloomington Lincoln Mercury,

         Defendants.

---

  Plaintiff Constance Romaine Lewis commenced this action in May 2010 in Hennepin County District Court, asserting multiple state-law claims as well as violations of 12 C.F.R. §§ 37.3–37.8, federal regulations regarding debt-cancellation contracts. Defendants removed the action to this Court.[1] Following removal, Defendant Fireside Bank ("Fireside") asserted a crossclaim against Defendant Bloomington Lincoln Mercury ("BLM") and has now moved for summary judgment on its crossclaim.

  Before considering Fireside's Motion, the Court ordered briefing on jurisdiction in an Order dated December 15, 2010. (See Dec. 15, 2010 Order, Doc. No. 43.) Although neither party has questioned it, the Court is obliged to police its own jurisdiction and

---

[1] Defendant Bloomington Lincoln Mercury had only recently been served with Lewis's Complaint and had not yet retained counsel at the time the Notice of Removal was filed. Thus, the Notice of Removal was filed jointly on behalf of all other Defendants, and Bloomington Lincoln Mercury subsequently assented to Removal on July 7, 2010. (See Doc. No. 7.)

determine whether it may properly hear this case.  E.g., FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990); Donaghy v. City of Omaha, 933 F.2d 1448, 1455 (8th Cir. 1991).  Having now heard from the parties, the Court concludes that it lacks jurisdiction over this action; accordingly, it will be remanded.

As the parties removing this action to this Court, the burden of establishing jurisdiction lies with Defendants.  Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005).  As set forth in the Court's earlier Order, Defendants purported to invoke only federal-question jurisdiction under 28 U.S.C. § 1331; they made no attempt to invoke diversity jurisdiction.[2]  (See Notice of Removal (Doc. No. 1) ¶ 7.)  "A district court's federal-question jurisdiction . . . extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (quotations omitted).

Defendants have failed to meet their burden of establishing that federal-question jurisdiction exists.  The only federal claim in Lewis's Complaint is for violations of 12 C.F.R. §§ 37.3–37.8.  However, generally speaking, "federal regulations may be enforced by private parties by suits against the agencies (under the Administrative Procedure Act) and by suits against private parties under the federal-question jurisdiction *to the extent*

---

[2] And, in any event, diversity is lacking here, as Lewis is a Minnesota citizen (see Compl. ¶ 1) and Defendant BLM is a Minnesota corporation (id. ¶ 6).  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) (noting that diversity jurisdiction requires complete diversity between each plaintiff and each defendant).

*that a statute or regulation creates a private right of action*." Kendall-Jackson Winery, Ltd. v. Branson, 212 F.3d 995, 998 (7th Cir. 2000) (emphasis added). "Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." Alexander v. Sandoval, 532 U.S. 275, 291 (2001) (citation omitted).

Defendants cannot demonstrate that the regulations at issue create a private right of action. In response to the Court's concerns, they suggest requiring Lewis to "clarify" the precise type of claim she is bringing under the cited regulations. The regulations prohibit a number of practices, including tying arrangements, misrepresentations, and certain specific contract terms. See 12 C.F.R. § 37.3. Defendants concede that a private cause of action is created by statute, but only with respect to one of these practices—tying arrangements. (See Def. Mem. at 3.) By requesting clarification of the claim, Defendants appear to acknowledge that, as pleaded, it fails to give rise to jurisdiction.[3] Although Lewis protests Defendants' attempt to "shift the jurisdictional burden" by asking her to clarify her claim, she nonetheless provides just the clarification they seek, stating that she "clearly cited the misrepresentation (not anti-tying) element of Part 37.3." (Pl. Mem. at 3.) Lewis thus concedes that her federal claim is not the type for which a private right of action exists, and thus it cannot give rise to federal-question jurisdiction.[4]

---

[3] In fact, Defendants appear to concede that remand is appropriate, stating that they "presume the December 22, 2010, decision to remand [in May v. Nation Safe Drivers, Inc., Civ. No. 10-2577 (D. Minn.) (Frank, J.)] will be instructive." (Def. Mem. at 3.)

[4] Lewis asserts that her claim for misrepresentation under 12 C.F.R. § 37.3 "still stands before this Court" (Pl. Mem. at 3) but cites no authority for this position, and the Court has found none.

This result is consistent with May v. Nation Safe Drivers, Inc., Civ. No. 10-2577 (D. Minn. Dec. 22, 2010) (Frank, J.), which held that there was no private cause of action under 12 C.F.R. §§ 37.3–37.8, dismissed the claim, and remanded the remaining state law claims. May is on all fours with this action and involved identical claims. See id. Both sides concede that if this Court were to follow May's reasoning, remand will result. (See Pl. Mem. at 3, n.1; Def. Mem. at 3–4.) The Court agrees with, and will follow, May.[5]

Because the Court finds no private right of action under the regulations relied upon by Lewis, her claim will be dismissed as frivolous. Moreover, it is well-settled that federal-question jurisdiction is lacking when the plaintiff has pleaded only a frivolous federal claim. See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) ("A claim invoking federal-question jurisdiction . . . may be dismissed of want for subject-matter jurisdiction if it is not colorable, *i.e.*, if it is . . . 'wholly insubstantial and frivolous.'") (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)); Stanturf v. Sipes, 335 F.2d 224, 228 (8th Cir. 1964) ("[J]urisdiction . . . is wanting where the claim pleaded is plainly insubstantial."). Thus, since Lewis's only federal claim was one for which no private right of action exists, there was never federal jurisdiction over any part of the action to support supplemental jurisdiction over the state-law claims. Those claims will be remanded to Hennepin County District Court.[6]

---

[5] Moreover, since the Court's jurisdiction turns on whether the regulations at issue create a private right of action, the Court need not await a Motion to Dismiss to dispose of the federal claim, as Plaintiff suggests. (See Pl. Mem. at 3 n.1)

[6] Additionally, even if the federal claim here was not frivolous and could support supplemental jurisdiction, the Court can decline to exercise supplemental jurisdiction over a state-law claim if

4

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1) The federal claim asserted in Count VI of Lewis's Complaint (attached to Doc. No. 1) is **DISMISSED WITH PREJUDICE**; and

2) This action is **REMANDED** to Hennepin County District Court pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Hennepin County District Court.

Dated: January 21, 2011
s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); accord Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). When all federal claims are eliminated before trial, the balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over a pendent state-law claim typically militates against exercising jurisdiction. Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Here, the Court would decline to exercise supplemental jurisdiction over Lewis's state-law claims.